IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
FAYETTEVILLE, ARKANSAS

ALVIN BAILEY and
IFE BAILEY

                                                              Plaintiffs

CASE NO. 72CV-16-494-5

vs.

ADA MAYE JONES DIPPEL, CRST
EXPEDITED, INC. AND CRST
INTERNATIONAL., JOHN DOE 1,
AND JOHN DOE 2.

                                                              Defendants

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**
**CRST EXPEDITED, Inc.**
**C/O National Corporate Research, Ltd.**
   **400 Locust Street Suite 400**
   **Des Moines, IA  50309**

You are hereby notified that a lawsuit has been filed against you. The relief demanded is stated in the attached complaint.
Within thirty (30) days after service of this summons on you (not counting the day you received it) you must file the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure and thereafter appear and present your defense. The answer or motion must also be served on the plaintiff or plaintiff's attorney at:

<u>Plaintiff's Attorney:</u>   **Jason Lloyd, Lloyd Law Firm**
<u>Address:</u>              **100 West Center Street, Suite 200, Fayetteville, AR  72701**

If you fail to appear, file a pleading and defend within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

WITNESS MY HAND AND SEAL OF THE COURT THIS 4th DAY OF MARCH 2016.

                                        Kyle Sylvester
                                        WASHINGTON COUNTY CIRCUIT CLERK
                                        Courthouse
                                        280 N. College, Suite 300
                                        Fayetteville, AR  72701

                                        _[signature]_
                                        March 7th, 2016

EXHIBIT A

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
FAYETTEVILLE, ARKANSAS

ALVIN BAILEY and
IFE BAILEY

Plaintiffs

CASE NO. 72CV-16-494-5

vs.

ADA MAYE JONES DIPPEL, CRST
EXPEDITED, INC. AND CRST
INTERNATIONAL INC., JOHN DOE 1,
AND JOHN DOE 2.

Defendants

## COMPLAINT

Plaintiffs, Alvin Bailey and Ife Bailey, by and through his attorney, Jason M. Lloyd, for their Complaint against Defendants, Ada Mae Jones Dippel, CRST Expedited, Inc., CRST International, Inc., John Doe 1 and John Doe 2, alleges and states as follows:

### PARTIES, JURISDICTION & VENUE

1. That at the time of the occurrence referred to herein, Plaintiff Alvin Bailey, was a resident of St. Petersburg, Pinellas County, Florida.

2. That at the time of the occurrence referred to herein, Plaintiff Ife Bailey, was a resident of St. Petersburg, Pinellas County, Florida. During all of the relevant time period, Ife Bailey was married to Alvin Bailey.

3. That Defendant CRST Expedited, Inc. is an Iowa Corporation with its principal place of business being 3930 16th Avenue SW, Cedar Rapids, Iowa 52402. CRST Expedited, Inc. is a USDOT registered (USDOT #53773), authorized for hire (MC-114273) interstate motor carrier of general freight. CRST Expedited Inc. employed Defendant Ada Maye Jones

Defendant Ada Maye Jones Dippel, who was operating a CRST tractor-trailer at the time of the incident described herein. On information and belief, CRST Expedited, Inc. is the owner of the commercial tractor-trailer involved in a collision with the Plaintiff on August 24, 2014 in Washington County, Arkansas.

4. That Defendant CRST International, Inc. is an Iowa Corporation with its principal place of business being 3930 16th Avenue SW, Cedar Rapids, Iowa 52402. CRST International Inc. employed Defendant Ada Maye Jones Dippel, who was operating a CRST tractor-trailer at the time of the incident described herein. On information and belief, CRST International, Inc. is the owner of the commercial tractor-trailer involved in a collision with the Plaintiff on August 24, 2014 in Washington County, Arkansas.

5. Whenever the term "CRST" or "CRST Defendants" is utilized within this suit, such term collectively refers to, and includes CRST Expedited, Inc. and CRST International, Inc.

6. That at the time of the occurrence referred to herein, Defendant Ada Maye Jones Dippel was a resident of Vallejo, Solano County, California. At the time of the occurrence described herein, Ada Maye Jones Dippel was operating a commercial tractor-trailer owned by Defendant CRST while within the course and scope of her employment for CRST.

7. That, in the alternative, the name of an unknown tortfeasor, individual person or entity, shall be designated by the pseudo-name John Doe. Thus in this case, John Doe 1-2, in the alternative, is the official name of any individual person Defendant or entity with which any individual person Defendant may be associated. Furthermore, if there is more that one (1) such unknown tortfeasor person or entity, the use of additional John Does is also appropriate.

8. That upon determining the identity of any current unknown tortfeasor person or entity, Plaintiffs will amend the Complaint by substituting the real name for the pseudo-name.

9. That Plaintiff's have attached hereto the Affidavit of Plaintiff's attorney that the identity of the tortfeasor(s) is unknown pursuant to Ark. Code Ann. 16-56-125. (Exhibit A)

10. That the collision out of which this cause of action arises occurred in Springdale, Washington County, Arkansas.

11. That this court has jurisdiction over this cause and the parties hereto and that venue of this action is properly placed in this Court, pursuant to Ark. Code Ann. §. 16-60-112 and 16-55-213(a)(1).

## FACTS

12. Plaintiffs incorporate all of the allegations contained in Paragraphs 1-11.

13. That on or about August 24, 2014, at approximately 5:30 a.m. Plaintiff, Alvin Bailey was in the sleep cabin of his flatbed tractor-trailer in the rest area of the Pilot Travel Station in Springdale, Arkansas.

14. At the same time, Defendant Ada Mae Jones Dippel was operating the aforementioned CRST 18-wheel tractor trailer, traveling westbound on US Hwy. 412 in Springdale, Arkansas when she exited the highway and entered the Pilot Travel Station.

15. That Defendant Ada Mae Jones Dippel was operating the CRST tractor-trailer at too great a speed for the conditions and failed to keep control of her trailer causing her to rear-end Plaintiff's tractor-trailer.

16. The initial force from the impact ripped Plaintiff's solid steel flat-bed trailer apart. After the initial impact, Dippel continued wedging the CRST tractor-trailer forward until the trailer's tandem axel became interlocked with Plaintiff's tandem axel rendering the CRST tractor-trailer

immobile. The jarring collision caused Plaintiff to fall from his sleeper berth down toward the front his cab causing him to suffer injury to his neck and back and whole body.

## COUNT I

## DIRECT NEGLIGENCE OF DEFENDANT DIPPEL, AND VICARIOUS LIABILITY OF CRST DEFENDANTS

17. Plaintiffs incorporate all of the allegations contained in Paragraphs 1-16. That at all times Defendant Ada Mae Jones Dippel (hereinafter referred to as Defendant Dippel) was at all times relevant to this action an employee of CRST and was acting within the course and scope of her job duties in operating the CRST tractor-trailer.

18. That Defendant Dippel was at all times relevant to this action operating a tractor and trailer owned by CRST.

19. That Defendant Dippel was negligent in the operation of her vehicle, which was the proximate cause of the occurrence and damages to Plaintiff, Alvin Bailey, in the following particulars, including, but not limited to:

(A) failing to operate a the tractor-trailer at a reasonable speed for the circumstances then and there existing;

(B) failing to safely manage the space around the vehicle for the circumstances then and there existing;

(C) failing to keep a proper lookout under the circumstances then and there existing;

(D) failing to take proper measures to avoid the collision in question for the circumstances then and there existing;

 (E) failing to maintain proper control of a tractor-trailer for the circumstances then and there existing.

20. That these acts and omissions, singularly or in combination with others, constituted negligence on behalf of Defendant Dippel, which was the proximate cause of the damages suffered by Plaintiff.

21. That on August 24, 2014, Defendant Dippel was acting within the course and scope of her agency and/or employment with CRST, while driving a tractor-trailer owned by CRST. CRST had the authority, right and duty to control how Defendant Dippel performed her job. CRST is vicariously liable for the damages sought by Plaintiffs for the negligence of Defendant Dippel.

22. As a direct and proximate result of Defendant Dippel's acts and omission, while acting within the course and cope of her employment for CRST, and driving a tractor-trailer owned by CRST, the Plaintiffs assert claims for damages against the Defendants, including but not limited to, the physical injuries described herein, pain and suffering, mental anguish, loss of consortium, medical expenses, including any such damages reasonably certain to be incurred in the future, in an amount to be determined by the jury, plus the cost of litigation, and all of the relief to which the Plaintiff's are entitled to by law all in an amount in excess of that necessary for federal diversity jurisdiction.

## COUNT II
## DIRECT NEGLIGENCE OF CRST DEFENDANTS

23. Plaintiffs incorporate all of the allegations contained in Paragraphs 1-22.

24. In addition to vicarious liability for the negligent conduct, injuries and damages caused by Defendant Dippel, CRST Defendants are also directly and independently liable for injuries and damages proximately caused by their own negligent acts and omissions.

25. CRST had a duty to act as a reasonable and prudent employer and motor carrier under the Federal Motor Carrier Safety Regulations. CRST breached such duties as follows:

   (A) Failing to instruct Ada Maye Jones Dippel regarding applicable Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. 390.3;

   (B) Failing to have adequate policies and procedures in place to ensure its drivers were instructed regarding applicable Federal Motor Carrier Safety Regulations;

   (C) Failing to require Ada Maye Jones Dippel to observe the duties and prohibitions imposed upon her as a driver of a commercial motor vehicle in violation of 49 C.F.R. 390.11;

   (D) Failing to have adequate policies and procedures in place to ensure its drivers complied with applicable Federal Motor Carrier Safety Regulations;

   (E) Failing to have adequate policies and procedures in place to ensure it hired trained, qualified, and competent drivers; and

   (F) Failing to have adequate policies and procedures in place to ensure it adequately trained its drivers.

26. That each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the incident made the basis of this action and Plaintiff's damages.

27. As a direct and proximate result of Defendant CRST's acts and omission, the Plaintiffs assert claims for all compensatory damages against the Defendants, including but not limited to, the physical injuries described herein, pain and suffering, mental anguish, loss of consortium, medical expenses, including any such damages reasonably certain to be incurred in the future, in an amount to be determined by the jury, plus the cost of litigation, and all of the relief to which the Plaintiff's are entitled to by law all in an amount in excess of that necessary for federal diversity jurisdiction.

## COUNT III
## LOSS OF CONSORTIUM

28. Plaintiffs incorporate all of the allegations contained in Paragraphs 1-26.

29. That Plaintiff, Alvin Bailey and Ife Bailey were married at the time of the collision.

30. That as a proximate result of Defendant's negligence, Plaintiff Ife Bailey, has lost society, services, and companionship of her husband, Alvin Bailey and should be compensated in an amount to be set by a jury.

## DAMAGES

31. That Plaintiff, Alvin Bailey, as a direct and proximate result of the negligence of Defendants, Plaintiff has incurred actual damages, including but not limited to: reasonable and necessary medical expenses incurred in the past; reasonable and necessary medical expenses reasonably likely to be incurred in the future; conscious physical pain and suffering experienced in the past and reasonably likely to be experienced in the future; mental anguish in the past and likely to be experienced in the future; physical injury his person; physical impairment in the past and likely to be experienced in the future; and loss of earnings in the past and loss of future earning capacity; for all of which he should have and recover

judgment form and against Defendants in an amount in excess of the minimum amount required for federal diversity jurisdiction.

32.   The Plaintiffs were guilty of no contributory negligence or comparative fault in causing their own damages.

33.   That Plaintiff requests a trial by jury.

34.   That Plaintiff reserves the right to amend and plead further in this action.

**WHEREFORE**, Plaintiff's pray that they have Judgement from and against Defendants in an amount in excess of that required for the minimum amount necessary for federal court diversity jurisdiction, for their costs and expenses, and all other just and proper relief.

Respectfully Submitted,

**LLOYD LAW FIRM**
Attorney at Law
100 W. Center Street Suite 200
Fayetteville, AR 72701
TEL: (479) 282-4011
FAX: (479) 582-5454
Email: jason@jasonlloydlaw.com
**ATTORNEY FOR PLAINTIFF**
**ALVIN BAILEY**

By: _____
Jason Lloyd/ Arkansas Bar #2014097

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
FAYETTEVILLE, ARKANSAS

ALVIN BAILEY and
IFE BAILEY

Plaintiffs

CASE NO. 72CV-16-494-5

vs.

ADA MAYE JONES DIPPEL, CRST
EXPEDITED, INC. AND CRST
INTERNATIONAL, Inc., JOHN DOE 1,
AND JOHN DOE 2.

Defendants

## AFFIDAVIT OF JASON M. LLOYD

STATE OF ARKANSAS      )
                       ) SS
COUNTY OF WASHINGTON   )

The undersigned, Jason M. Lloyd, having been duly sworn, states upon oath and affirmation as follows:

1. I am with the Lloyd Law Firm located at 100 W. Center Street, Fayetteville, AR 72701.

2. The Lloyd Law Firm has been employed by Alvin Bailey and Ife Bailey to bring a cause of action against Defendants CRST Expedited, Inc., CRST International, INc. and Ada Maye Jones Dippel.

3. Plaintiffs are currently unable to identify all potential tortfeasors liable for Plaintiffs' claims.

4.. Plaintiffs intend to serve discovery upon Defendants CRST Expedited Inc., CRST International Inc., and Ada Maye Jones Dippel upon filing this Complaint in order to determine the identity of all tortfeasors.

I, Jason M. Lloyd state upon oath and that the statements contained in the above and foregoing Affidavit are true and correct to the best of my knowledge and belief.

*[signature]*
Jason M. Lloyd
Lloyd Law Firm
100 W. Center Street
Fayetteville, AR 72701
(479) 282-4011
AR Bar No. 2014097
ATTORNEY FOR PLAINTIFFS

## ACKNOWLEDGEMENT

On this the 7th day of March 2016, before the undersigned officer, personally appeared Jason M. Lloyd to be the person whose name is subscribed to in the above and foregoing Affidavit, and acknowledged that he executed the same for the purposes therein contained.

*[signature]*
Notary Public

My Commission Expires: 3/17/25

May L. Anderson
Notary Public
Washington County, Arkansas
Commission Exp. 03/17/2025
Commission No. 12403770

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
FAYETTEVILLE, ARKANSAS

ALVIN BAILEY and
IFE BAILEY

                                                    Plaintiffs

CASE NO. 72CV-16-494-5

vs.

ADA MAYE JONES DIPPEL, CRST
EXPEDITED, INC. AND CRST
INTERNATIONAL INC., JOHN DOE 1,
AND JOHN DOE 2.

                                                    Defendants

## CERTIFICATE OF SERVICE

This certifies that on **March 7th, 2016** the original and two copies of Plaintiffs' First Set of Written Discovery Requests to Defendant CRST Expedited, Inc., Plaintiffs' First Set of Written Discovery Requests to Defendant Ada Maye Jones Dippel, and Plaintiffs' First Set of Written Discovery Requests to Defendant CRST International, Inc. were included with Plaintiffs' Complaint for service by Certified Mail Return Service Requested with the Summons and Complaint upon Defendants as designated in Plaintiffs' Complaint.

**LLOYD LAW FIRM**

100 W. Center Street Suite 200
Fayetteville, AR 72701
TEL: (479) 282-4011
FAX: (479) 582-5454
Email: jason@jasonlloydlaw.com

By: [signature]
Jason Lloyd/ Arkansas Bar #2014097